UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRAIRIE STAR NATIONAL TRUST,<br><br>            Plaintiff,<br>    v.<br><br>CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY,<br><br>            Defendant. | CASE NO. 2:22-cv-00598-TL<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court on its own motion upon review of the record. Plaintiff filed a "Petition for: Writ of Mandamus and Declaratory Judgement." Dkt. No. 1. Plaintiff is an entity named Prairie Star National Trust and appears *pro se*, representing itself, and on behalf of "Keith A. Goulet" (according to the caption of the Petition) and/or "Sterling Jay: Shaw" (according to the first line of the Petition). *Id.* at 1. The Petition is difficult to follow, but it appears to allege a breach of an employment contract by Defendant Central Puget Sound Regional Transit Authority ("Sound Transit") in connection with Sound Transit's requirement for employees, including Mr. Shaw, to be vaccinated. *Id.* at 6–7. The Court notes that Mr. Shaw

previously filed a substantively similar case with this District, which was dismissed without prejudice for failure to prosecute. *See* Order, *Shaw v. Inslee*, No. C21-1626-JCC (W.D. Wash. Apr. 8, 2022) (Coughenour, J.) (ECF No. 10). In any event, the merits of Plaintiff's allegations and claims are not yet at issue.

A party may plead and conduct its case "personally or by counsel" in federal court. 28 U.S.C. § 1654. But an artificial entity may not represent itself in court *pro se* and may only appear in federal court through licensed counsel. *See Rowland v. Calif. Men's Colony*, 506 U.S. 194, 201–02 (1993); *see also* Local Civil Rule ("LCR") 83.2(b)(4) ("A business entity, except a sole proprietorship, must be represented by counsel. . . ."). Plaintiff is a trust, an artificial entity. Plaintiff therefore cannot represent itself in this proceeding and must be represented by an attorney admitted to practice in this jurisdiction to proceed in this litigation. *Cf. United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (affirming entry of default judgment against defendant entity when it failed to retain counsel despite the court's order to do so).

Relatedly, "a non-lawyer 'has no authority to appear as an attorney for others than himself.'" *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (quoting *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). Plaintiff—a trust and not an attorney—may not represent either Mr. Goulet or Mr. Shaw, as it seemingly attempts to do. While Plaintiff is purportedly acting under a "limited 'Durable Power of Attorney' . . . on this particular subject matter" (Dkt. No. 1, at 1) on behalf of Mr. Shaw, this does not empower Plaintiff to act as Mr. Shaw's (or Mr. Goulet's) legal representative in this proceeding. *See, e.g.*, *O'Donnell v. Chase Bank USA*, 2015 WL 4272274, at *3 (C.D. Cal. July 14, 2015) ("A 'power of attorney' does not permit a person to represent another person in federal court . . . ."). Mr. Goulet and Mr. Shaw, who do not appear to be attorneys, also may not represent Plaintiff.

Plaintiff should be aware of these requirements, having been informed of them in at least one lawsuit filed by the same entity on behalf of the same individual(s). *See* Order, *Prairie Star Nat'l Tr. v. McCalla Raymer Liebert Pierce*, No. 3:22-cv-5287-BHS (W.D. Wash. May 6, 2022) (Settle, J.) (ECF No. 2) (Plaintiff trusts may not appear *pro se* or on behalf of Mr. Goulet or Mr. Shaw); *see also* Order to Show Cause, *Terra Libre Land Tr. v. Wells Fargo Bank, N.A.*, 2022 WL 1404648, No. C22-5277 JLR (W.D. Wash. May 4, 2022) (Robart, J.) (Mr. Shaw may not sign the petition for a writ of mandamus and otherwise represent the interests of Plaintiff, a trust named the Terra Libre Land Trust).

Accordingly, Plaintiff is ORDERED to show cause why this case should not be dismissed without prejudice for lack of proper representation. Plaintiff has **thirty-one (31) days** from the date of this Order **(June 20, 2022)** to file a notice of appearance (by retained counsel) or take other actions to cure the deficiency identified herein. Without such curative action, this matter will be dismissed without prejudice.

Dated this 20th day of May 2022.

Tana Lin
United States District Judge