UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STERLING JAY SHAW,<br><br>            Plaintiff,<br>    v.<br><br>CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY,<br><br>            Defendant. | CASE NO. 2:22-cv-00598-TL<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

   As far as the Court can ascertain, Plaintiff Sterling Jay Shaw was fired for refusing to comply with his employer's vaccination policy. This matter is before the Court on Defendant Central Puget Sound Regional Transit Authority's ("Transit Authority") Motion to Dismiss. Dkt. No. 14. Having reviewed the relevant record, the Court finds that Plaintiff's Amended Complaint (Dkt. No. 8) fails to plausibly assert facts sufficient to establish subject matter jurisdiction in

federal court.[1] The Court therefore GRANTS Defendant's motion to dismiss the Amended Complaint but GRANTS Plaintiff leave to file a Second Amended Complaint.

While Defendant moves for dismissal on several grounds, the Court begins its analysis with the claim that Plaintiff's case lacks subject matter jurisdiction. *See* Dkt. No. 14 at 6–8. As a federal court, this Court must dismiss a case if the court lacks jurisdiction. Fed. R. Civ. P. 12(h). Unlike many state courts, "[f]ederal courts are courts of limited jurisdiction, having the power to hear certain cases only as the Constitution and federal law authorize." *Newtok Vill. v. Patrick*, 21 F.4th 608, 615 (9th Cir. 2021); *accord Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Broadly speaking, a federal district court has jurisdiction over all civil actions (1) "arising under the Constitution, laws, or treaties of the United States" (a.k.a., "federal question" jurisdiction), *see* 28 U.S.C. § 1331, or (2) for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant (a.k.a., "diversity" jurisdiction), *see id.* § 1332; *see also Newtok Vill.*, 21 F.4th at 615 (noting "the two types of federal subject matter jurisdiction—diversity of citizenship and federal question"). Federal courts are presumed to lack subject matter jurisdiction over a case, and the plaintiff bears the burden of showing otherwise. *Kokkonen*, 511 U.S. at 377.

A party may plead and conduct its case "personally or by counsel" in federal court. 28 U.S.C. § 1654. When plaintiffs represent themselves personally (*i.e.*, *pro se*), their complaints

---

[1] Plaintiff styled his initial pleading as a "Petition for: Writ of Mandamus and Declaratory Judgment." Dkt. No. 1. Mandamus actions seek a "drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (internal quotation marks and citation omitted). This is not an appropriate remedy for an employment-related contract dispute. In response to the Court's prior Order to Show Cause (Dkt. No. 6), Plaintiff filed an amended pleading that included a copy of his original mandamus petition—edited to show himself as the sole petitioner (Dkt. No. 8 at 7)—but also included a properly formatted complaint (the "Amended Complaint," Dkt. No. 8 at 25–33), along with other miscellaneous documents, such as a copy of the Court's Order to Show Cause. While the Court has reviewed the entirety of Plaintiff's filings related to his amended pleading, as well as the Parties' respective briefing on the motion to dismiss, in attempting to determine whether it has jurisdiction to hear his case, the Court understands Plaintiff's sole claim to rest in the Amended Complaint.

must be "liberally construed" and held "to less stringent standards than formal pleadings drafted by lawyers." *E.g., Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 & n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)). Even so, a court should "not supply essential elements of the claim that were not initially pled." *E.g., Henderson v. Anderson*, No. C19-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal quotation marks omitted) (quoting *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))). And as Plaintiff has been previously informed (*see* Dkt. No. 28 at 4), "it is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).

Here, Plaintiff proceeds *pro se*, but even construing his Complaint as liberally as possible, the Court is unable to ascertain sufficient facts regarding the nature of Plaintiff's claims to assert subject matter jurisdiction. As previously noted by this Court, Plaintiff's pleadings are difficult to follow (Dkt. No. 28 at 1), and the Amended Complaint is replete with legal and pseudo-legal jargon, speculative conclusions of law, and misunderstandings of basic legal principals. *See generally* Dkt. No. 8. The Court need not afford these statements any veracity and can disregard them in determining whether subject matter jurisdiction exists. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[, and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

From what little concrete details the Court can glean from the Amended Complaint, the Court is unable to conclude that subject matter jurisdiction exists. For purposes of establishing

Order of Dismissal with
Leave to Amend - 3

diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff suggests that he is domiciled in "The State of Oregon" (*see, e.g.*, Dkt. No. 8 at 7) but a person's "domicile is [their] 'permanent home'—that is, where (i) [they] reside[], (ii) 'with the intention to remain or to which [they] intend[] to return.'" *Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020). Despite Plaintiff's conclusory statement regarding his place of domicile in his amended pleadings, he lists his permanent address as "3965 Bethel Road SE Suite 1, PMB #1-244, Port Orchard, Kitsap County, Washington [98366]" in the Amended Complaint. Dkt. No. 8 at 25; *see also id.* at 34 ("I am a Washingtonian and American National/citizen of the United States of America."). From this information, the Court can only conclude that Plaintiff is a citizen of Washington for purposes of establishing diversity jurisdiction. Because Defendant is also a citizen of Washington,[2] Plaintiff cannot establish complete diversity as required by 28 U.S.C. § 1332.

Similarly, while Plaintiff's claim appears to arise from his prior employment with Defendant, he pleads no concrete facts from which the Court can conclude that the alleged breach of contract violates any right secured to Plaintiff "under the Constitution, laws, or treaties of the United States," as required to establish federal question jurisdiction under 28 U.S.C. § 1331. Contract disputes typically fall within the general jurisdiction of the state courts.

"A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d

---

[2] Despite being required to do so under Federal Rule of Civil Procedure 7.1, Defendant has failed to file a corporate disclosure statement regarding its citizenship. Nonetheless, the Court finds that there is sufficient evidence in the record to demonstrate Defendant is a Washington citizen for the purposes of determining diversity, including Defendant's representation of its citizenship (*see* Dkt. No. 14 at 8), the Amended Complaint (*see, e.g.*, Dkt. No. 8 at 29), and the place at which Defendant was served (*see* Dkt. No. 10 at 1).

1202, 1203–04 (9th Cir. 1988) (per curiam)) (district court erred by failing to explain deficiencies of a *pro se* prisoner civil rights complaint and dismissing without leave to amend). The Court cautions Plaintiff, though, that a significant downfall in his pleadings is his tendency to make conclusory statements based on legal or pseudo-legal jargon. The standard for pleading a claim in federal court requires "a short and plain statement of the grounds for the court's jurisdiction . . . [,] a short and plain statement of the claim showing that the pleader is entitled to relief[,] and . . . a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)–(3). The claim must also have "facial plausibility," meaning the party seeking relief must "plead[] *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 672 (emphasis added). Plaintiff's pleadings to date have fallen well short of meeting these basic standards. The Court will allow Plaintiff one final chance to amend his complaint to cure the noted jurisdictional deficiencies.

The Court also STRIKES Defendant's "Request for Judicial Notice" (Dkt. No. 15), an improperly filed motion that the Court did not rely on in its determination here.

To the extent that Plaintiff's prior responses (Dkt. Nos. 30, 31) to the Court's prior order denying the entry of default against Defendant (Dkt. No. 28) constitutes one or more motions for reconsideration under Local Civil Rule 7(h), Plaintiff has failed to show any manifest error in the prior ruling or new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence, as is required. Therefore, Plaintiff's prior responses, which the Court liberally interprets as motions for consideration, are DENIED.

To the extent Plaintiff intends to seek a Writ of Habeas Corpus (Dkt. Nos. 32, 33), the Court STRIKES these filings as moot per this Order. Additionally, Plaintiff fails to show that he is currently in custody as required to seek habeas relief. 28 U.S.C. § 2242.

**ORDER**

Accordingly, the Court hereby ORDERS:

(1) Defendant's motion to dismiss Plaintiff's Amended Complaint (Dkt. No. 14) is GRANTED for lack of subject matter jurisdiction.

(2) Defendant's requests for judicial notice (Dkt. No. 15) and for a writ of habeas corpus (Dkt. Nos. 32, 33) are STRICKEN as improperly filed and as moot.

(3) Plaintiff's responses to the Court's prior order denying the entry of default (Dkt. Nos. 30, 31), which the Court interprets to constitute motions for reconsideration, are DENIED.

(4) Plaintiff SHALL file and serve a Second Amended Complaint by **no later than April 11, 2023**, that plausibly states a cause of action for which this Court has jurisdiction to grant the relief requested. The Second Amended Complaint must be no longer than **twelve (12) pages** in length, inclusive of any exhibits, and must also meet all other procedural requirements for pleadings in federal court. Failure to file a timely and viable complaint will result in Plaintiff's case being dismissed in its entirety.

Dated this 28th day of March 2023.

Tana Lin
United States District Judge